**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1846-24

DAVID RUIZ,

    Plaintiff-Appellant,

v.

MARIBEL CINTRON,

    Defendant-Respondent.

_____

Argued December 18, 2025 – Decided February 23, 2026

Before Judges Bishop-Thompson and Puglisi.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Ocean County, Docket No. FM-15-0719-11.

Brian G. Paul argued the cause for appellant (Szaferman Lakind Blumstein & Blader, PC, attorneys; Brian G. Paul, of counsel and on the briefs).

Louis S. Scalzo argued the cause for respondent.

PER CURIAM

Plaintiff David Ruiz appeals from provisions of a December 13, 2024 Family Part order establishing his share of the parties' son's vehicle and setting child support arrears; and a February 14, 2025 order denying reconsideration of the December 13 order and awarding counsel fees.[1] We affirm the portions of the orders concerning plaintiff's contribution to the vehicle expenses, reverse the award of child support arrears and counsel fees, and remand for further proceedings.

I.

Plaintiff and defendant Maribel Cintron were previously married and had two children together. A May 11, 2011 judgment of divorce incorporated their property settlement agreement (PSA). Among other provisions, the PSA required plaintiff to pay defendant "$375[] per week in child support by personal check directly to . . . [d]efendant by the [twenty-ninth] day of each month." From the time of divorce until mid-2024, plaintiff made monthly child support payments of $1,500, which is the $375 weekly support obligation multiplied by four weeks per month. The PSA did not address the parties' responsibility for other child expenses.

---

[1] Although plaintiff's amended notice of appeal includes an August 23, 2024 order, plaintiff is out of time to appeal from this order. R. 2:4-1(a).

A-1846-24

On June 28, 2024, defendant filed a motion seeking plaintiff's pro rata contribution to the children's unreimbursed medical expenses, private education, college tuition, extracurricular activities, and other child-related expenses outside the child support obligation.[2] Plaintiff did not oppose the motion.

In an August 23, 2024 order, the court granted in part and denied in part defendant's requests. With regard to the vehicle, the court ordered:

> **DEFENDANT'S REQUEST to direct [p]laintiff to reimburse . . . [d]efendant for his pro[]rata share of the car purchased for the parties' child within [seven] days is hereby <u>GRANTED</u>[] in part and <u>DENIED</u>[] in part.** The [c]ourt cannot determine [p]laintiff's share based on the evidence provided. Instructions are provided in [p]aragraph 2[3] that will assist the [c]ourt in ordering this relief.

On October 3, 2024, plaintiff moved for relief regarding the children's education and expenses. He requested "primary residential custody" of the children, with equal parenting time. He also sought an order "[d]irecting [d]efendant to be solely responsible for the car she purchased, despite [p]laintiff

---

[2] For brevity, we confine our discussion of the omnibus motions to the two provisions at issue in this appeal: plaintiff's child support obligation and arrears from May 11, 2011, through July 8, 2024; and plaintiff's obligation for the costs of their son's vehicle.

[3] Paragraph 2 of the August 23, 2024 order directed plaintiff to supply a fully completed Case Information Statement with all required attachments within seven days.

adamantly refusing to purchase the vehicle in question." Plaintiff's certification in support of the motion stated: he "tried to reason with [d]efendant about the vehicle . . . and advised both of them that [their son] needed to save money before buying a car, in order to pay for insurance and maintenance"; defendant purchased the vehicle unilaterally, against plaintiff's wishes and without his consent; and he "told [d]efendant that the car was too expensive and pleaded with her not to purchase" it.

Defendant's cross-motion opposed the relief, sought other relief, and for the first time, alleged plaintiff had underpaid child support since 2011. Defendant asserted the PSA's child support provision of "$375 per week" should have been multiplied by 4.3 weeks per month, yielding a $1,612.50 monthly obligation, and resulting in arrears of $17,775.

Plaintiff's certification in opposition to the cross-motion stated he paid defendant "$375 per week as [they] had agreed upon in court." He also provided a July 8, 2024 letter from defense counsel, in which counsel confirmed plaintiff did not pay his child support obligation due on June 28, 2024, and therefore was

4

$1,500 in arrears. Plaintiff argued counsel's letter confirmed the parties' mutual understanding of the monthly child support obligation.[4]

The court considered argument on the motion but did not conduct a plenary hearing. The resulting December 13, 2024 order noted the motion was essentially an untimely motion for reconsideration under Rule 4:49-2, which was unaccompanied by the prior orders, PSA, or any evidentiary support for the requested relief.

The court denied plaintiff's request for an order deeming defendant solely responsible for the vehicle costs. In addition to the procedural deficiencies in the motion, the court noted there was "no proof that [p]laintiff objected to [the] car" and as the parent, plaintiff was "responsible for [the child's] expenses including a car for him to use for transportation." After considering the parties' financial documentation, the court fixed plaintiff's pro rata share of child-related costs, including the vehicle, at eighty-five percent.

The court also found plaintiff in violation of litigant's rights for failing to pay his child support obligation of $375 per week from May 11, 2011, through

---

[4] Although the December 13, 2024 order references a subsequent letter dated September 13, 2024, which "corrected the amount of arrears," the letter is not in the record on appeal.

July 8, 2024.[5]  Based on a 4.3-week calculation of the child support obligation, the court determined plaintiff owed $17,775 in arrears.

Plaintiff timely moved for reconsideration, contesting the vehicle contribution and arrears calculation.  In support of the motion, plaintiff's certification attached two text messages he sent to defendant on November 14, 2023, regarding the vehicle, which said:

> He did not honor his part[.]  [H]e said for the past [two] years he was going to the military and now he has no idea and he graduates in [six] months and the deal was the car was going to be in his name and he wanted it to remain in my name[.]
>
> At this point of time I need to see commitment[.]

Plaintiff also provided a text message exchange from March, although no year is indicated, wherein the son asked plaintiff to transfer him "the money," which plaintiff did.  Ten days later, plaintiff sent a text asking, "Do you have your car now so we don't have to worry about picking you guys up?" to which the son responded, "Yea I got a car."

---

[5]  Plaintiff does not contest the court's order concerning his child support obligation and arrears after July 8, 2024.

A-1846-24

As to the arrears, plaintiff certified the PSA was drafted by a court mediator, who arrived at the $375 per week obligation noted in the PSA by dividing $1,500 by four.

The February 14, 2025 order found the motion was untimely because plaintiff's October 3, 2024 motion already sought reconsideration. The court noted plaintiff attempted "to introduce evidence that he did not include in his prior [m]otion or [r]eply. In fact, the [c]ourt notes that [p]laintiff chose to submit his prior [m]otion without appending <u>any</u> evidentiary support, which was why his requests were denied in the . . . December 13, 2024 [o]rder."

In addition, the court noted plaintiff's reconsideration motion sought "to improperly introduce new evidence that was not provided at the time his initial [m]otion was filed," but he again failed to include the PSA or prior court orders, including the one for which he sought reconsideration. Because the motion failed to meet the standard for reconsideration, the court denied it and awarded $3,000 in counsel fees to defendant based on plaintiff's bad faith.[6]

---

[6] After plaintiff filed his appeal, the trial court issued two amended orders on March 5, 2025, correcting the August 23 and December 13, 2024 orders to remove contradictory provisions and clarify the procedural posture of outstanding financial disputes. The amended provisions are not germane to this appeal.

A-1846-24

On appeal, plaintiff contends the court erred in deciding his contribution to the son's vehicle and child support arrears without conducting a plenary hearing. He further argues the court mistakenly treated his October 3, 2024 motion as seeking reconsideration, which resulted in an improper award of counsel fees.

"Appellate courts accord particular deference to the Family Part because of its 'special jurisdiction and expertise' in family matters." Harte v. Hand, 433 N.J. Super. 457, 461 (App. Div. 2013) (quoting Cesare v. Cesare, 154 N.J. 394, 413 (1998)). "We do 'not disturb the "factual findings and legal conclusions of the trial judge unless . . . convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice."'" Gnall v. Gnall, 222 N.J. 414, 428 (2015) (alteration in original) (quoting Cesare, 154 N.J. at 412). On appeal, we interfere "'[o]nly when the trial court's conclusions are so "clearly mistaken" or "wide of the mark."'" Ibid. (quoting N.J. Div. of Youth & Fam. Servs. v. E.P., 196 N.J. 88, 104 (2008)). "[A]ll legal issues are reviewed de novo." Ricci v. Ricci, 448 N.J. Super. 546, 565 (App. Div. 2017) (citing Reese v. Weis, 430 N.J. Super. 552, 568 (App. Div. 2013)).

We review a trial judge's decision on a motion for reconsideration under Rule 4:49-2 for an abuse of discretion. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021). "'An abuse of discretion "arises when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis."'" Kornbleuth v. Westover, 241 N.J. 289, 302 (2020) (quoting Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015)).

Reconsideration is generally limited to instances where: "1) [the court] has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the court either did not consider, or failed to appreciate the significance of probative, competent evidence." Id. at 301 (quoting Guido v. Duane Morris LLP, 202 N.J. 79, 87-88 (2010)). "Reconsideration cannot be used to expand the record and reargue a motion. Reconsideration is only to point out 'the matters or controlling decisions which counsel believes the court has overlooked or as to which it has erred.'" Capital Fin. Co. of Del. Valley, Inc. v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008) (quoting R. 4:49-2).

We first address the issue of plaintiff's contribution to the son's vehicle. Defendant's unopposed motion sought contribution, and the court's August 23, 2024 order awarded an amount to be determined after consideration of plaintiff's

financial information. Plaintiff's October 3, 2024 motion asked the court to reverse itself on this issue, not based on any change in circumstances but rather on factual assertions that should have been made in opposition to the motion. While the court could have denied the motion on that basis, it nevertheless considered the allegations in plaintiff's certification, which were unaccompanied by any documentation and therefore did not create a factual dispute on that issue.

Although plaintiff's December 23, 2024 motion for reconsideration attached the text messages described above, it was, as the court found, "an exemplar attempt at taking the proverbial second bite of the apple." Having reviewed the record in light of our deferential standard of review, we discern no basis on which to disturb the court's orders with regard to reimbursement of vehicle costs.

We reach a different conclusion, however, with respect to plaintiff's child support arrears and the award of counsel fees based on bad faith. It is well-settled that "the enforcement, collection, modification and extinguishment of unpaid arrearages in alimony and child support payments are matters addressed to the sound discretion of the court." In re Rogiers, 396 N.J. Super. 317, 327 (App. Div. 2007) (quoting Mastropole v. Mastropole, 181 N.J. Super. 130, 141 (App. Div. 1981)). Similarly, "[t]he assessment of counsel fees is discretionary,

A-1846-24

and will not be reversed except upon a showing of an abuse of discretion." <u>Barr</u> <u>v. Barr</u>, 418 N.J. Super. 18, 46 (App. Div. 2011). In line with basic contract principles, we review de novo the enforcement of a post-dissolution PSA. <u>See</u> <u>Woytas v. Greenwood Tree Experts, Inc.</u>, 237 N.J. 501, 511-12 (2019); <u>Serico</u> <u>v. Rothberg</u>, 234 N.J. 168, 178 (2018).

Here, the PSA required plaintiff to pay $375 per week in a monthly lump sum payment directly to defendant. Instead, he paid $1,500 per month for thirteen years, without objection from defendant until her cross-motion. Plaintiff argued the parties' understanding was that the obligation was $1,500 per month, as confirmed in the July 8, 2024 letter from defendant's counsel and demonstrated by their past practice. Defendant merely pointed to the terms of the PSA.

When looking at a PSA, it is clear that "[a] settlement agreement between parties . . . is a contract" governed by basic contract principles. <u>Nolan v. Lee</u> <u>Ho</u>, 120 N.J. 465, 472 (1990). "'[A]bsent a demonstration of "fraud or other compelling circumstances,"' a court should enforce a settlement agreement as it would any other contract." <u>Capparelli v. Lopatin</u>, 459 N.J. Super. 584, 603-04 (App. Div. 2019) (quoting <u>Jennings v. Reed</u>, 381 N.J. Super. 217, 227 (App. Div. 2005)). "[C]ourts should discern and implement the intentions of the

parties," but should not "rewrite or revise an agreement when the intent of the parties is clear." Quinn v. Quinn, 225 N.J. 34, 45 (2016). If there is ambiguity in the terms of a settlement agreement, a hearing should be held to determine the intent of the parties and to "implement that intent." Ibid.

Here, the parties' competing certifications created a factual issue of whether they intended plaintiff's child support obligation to be $375 per week, as reflected in the PSA, or $1,500 per month, as supported by their past conduct. We are persuaded the court erred in deciding this issue without a plenary hearing, which is necessary when a court is presented with conflicting material factual issues. K.A.F. v. D.L.M., 437 N.J. Super. 123, 137-38 (App. Div. 2014). "While we respect the family court's special expertise, a court may not make credibility determinations or resolve genuine factual issues based on conflicting affidavits." Ibid. Furthermore, "a plenary hearing is particularly important when the submissions show there is a genuine and substantial factual dispute regarding the welfare of children." Id. at 138. We therefore reverse the December 13, 2024 order as to the child support arrears and remand for a plenary hearing.[7]

---

[7] Because we reverse the December 13, 2024 order as to the child support arrears, we need not address plaintiff's arguments regarding the February 14, 2025 order denying reconsideration on that point.

We next turn to plaintiff's challenge to the award of counsel fees, which is governed by N.J.S.A. 2A:34-23:

> Whenever any other application is made to a court which includes an application for pendente lite or final award of counsel fees, the court shall determine the appropriate award for counsel fees, if any, at the same time that a decision is rendered on the other issue then before the court and shall consider the factors set forth in the court rule on counsel fees, the financial circumstances of the parties, and the good or bad faith of either party.

We have explained:

> The bad faith of a matrimonial litigant does not arise merely because that litigant failed at a trial on the merits. It requires that the party against whom fees are sought acted beyond the bounds of proper advocacy by pursuing a claim or defending against a claim without factual support.
>
> [Steiner v. Steiner, 470 N.J. Super. 112, 131 (App. Div. 2021).]

Here, the court's award of counsel fees was based on plaintiff's bad faith in filing the motion for reconsideration, which included his challenge to the child support arrears. Because we reverse on that point, we are constrained to reverse the award of counsel fees and remand for the court to reconsider defendant's request in light of our holding. We take no position on the outcome of that proceeding.

A-1846-24

Affirmed in part; reversed and remanded in part.  We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

A-1846-24